IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

RONALD TYUS,                          :

    Plaintiff,                        :

vs.                                   :   CIVIL ACTION 08-0370-WS-C

BILLY WRIGHT,                         :

    Defendant.                        :

## **REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (Doc. 44), filed this action pursuant to 42 U.S.C. § 1983.[1] On January 27, 2011, a status hearing was scheduled for the purpose of Plaintiff bringing "evidence that he possesses that will support his claims against Defendant Wright." (Doc. 109.) Plaintiff did not appear, nor did he contact the Court prior to or after the scheduled hearing. Notice of this hearing was sent to Plaintiff at the last address that he had given the Court. The Court received a return receipt bearing what appears to be Plaintiff's signature. (Doc. 110.)

In preparation for this hearing, the Court reviewed its file in this action and found Plaintiff's complaint as amended to be deficient. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court may dismiss his action at any time if it

---

[1] Plaintiff was not incarcerated when this action was filed. However, the changes of address given by Plaintiff since filing this action indicate that he has subsequently been incarcerated on at least four separate occasions: in the Autauga County Jail (Doc. 25); Dallas County Jail (Doc. 59); Montgomery County Detention Center (Doc. 89); and Autauga County Jail (Doc. 105).

finds the complaint as amended is deficient for one of the reasons enumerated in § 1915(e)(2)(B). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). Inasmuch as Plaintiff's motion to proceed without prepayment of fees was referred to undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1),[2] it is recommended that this action be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## NATURE OF PROCEEDINGS

The amended complaints before the Court (Docs. 22, 26) contain the following allegations. On July 16, 2006, Plaintiff was involved in a high-speed chase with the sole defendant, Billy Wright, a Dallas County deputy sheriff. Plaintiff's vehicle crashed and Defendant fired twice into the vehicle hitting Plaintiff while in the vehicle. As Plaintiff fell to the ground, Defendant continued firing and shot Plaintiff while he was on the ground. Plaintiff, who did not have a weapon, maintains that this was excessive force by a police officer. (Doc. 22.) Then, in a subsequent amended complaint, Plaintiff alleges that he was shot three times inside the vehicle. (Doc. 26.)

Plaintiff was advised that the above amended complaints would supersede his original complaint (Doc. 21), which was on another court's form (Doc. 1). However, more information is contained in the original complaint. (*Id.*) Its allegations provide that at 3 a.m. "defendant attempted to execute a traffic stop of a white Ford-250 extended cab

---

[2] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge.

pick-up truck [Plaintiff] was driving." (*Id.*, p. 6.) A chase commenced on Highway 14 and ended on County Road 44 when Plaintiff made the decision to surrender. When Plaintiff brought the pick-up truck to a complete stop, Defendant immediately exited his patrol car and started firing without a warning into the truck where Plaintiff was still sitting. Defendant "unload[ed] his first clip of bullets and reloaded and unloaded another clip of bullets into the white truck [where] plaintiff was sitting [and] hollering for help." (*Id.*) Plaintiff was shot twice in the hip. Plaintiff was given treatment for his wounds at the Jackson Hospital, after which he was taken to the Dallas County Sheriff's Department, and from where he was released to go home. Plaintiff maintains that Defendant could see that he had surrendered and did not have a weapon, but Defendant wanted to "murder" him. (*Id.*, p. 7.)

Defendant Wright has been served in this action, has filed a *pro se* answer and motion to dismiss (Docs. 80, 81), and has filed his answers to Plaintiff's interrogatories (Doc. 94.) Defendant Wright, who is no longer employed with the Dallas County Sheriff's Department,[3] presently lives out of state. Initially, when the Court reviewed Plaintiff's allegations, it realized there were shortcomings in Plaintiff's allegations, but considering their tenor, ordered that Defendant be served out of an abundance of caution.

---

[3] The sheriff's department was named as a defendant but has been previously dismissed from this action. (Docs. 45, 50.)

## STANDARDS OF REVIEW UNDER 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the complaint and amended complaints (Docs. 1, 22, 26) under 28 U.S.C. § 1915(e)(2)(B).[4] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ___ U.S. ___, ___, 129 S. Ct. 1937, 1948 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, ___ U.S. at ___, 129 S.

---

[4] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams,* 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

4

Ct. at 1949. It is only those well-pleaded factual allegations that a court will consider as true. *Id.* at \_\_\_, 129 S. Ct. at 1950. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.), *overruled on other grounds by Iqbal*, 129 S. Ct. 1937 (2009). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## DISCUSSION

### I. Failure to State an Excessive Force Claim

A claim of excessive force in the seizure, arrest, or investigatory stop of a citizen by an officer is "analyzed under the Fourth Amendment and its '[objective] reasonableness' standard." *Graham v. Conner*, 490 U.S. 386, 395 (1989). The Fourth Amendment's right to be free "from unreasonable searches and seizures plainly encompasses a right to be free from excessive force during an arrest." *Magee v. City of Daphne*, Civil No. 05-0633-WS-M, 2006 WL 3791971, at * 8 (S.D. Ala. Dec. 20, 2006) (Steele, J.). However, "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect

5

it." *Graham*, 490 U.S. at 396.

"In determining the reasonableness of the force applied, we look at the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *Sims v. Quilliams*, 378 Fed. App'x 945, 947 (11th Cir. May 10, 2010) (unpublished).[5] "Use of force must be judged on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002) (citations and internal quotation marks omitted). The factors that are considered in the reasonableness determination include, but are not limited to: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," *Graham*, 490 U.S. at 396, "the need for the application of force, . . . the relationship between the need and amount of force used, and . . . the extent of the injury inflicted." *Lee v. Ferraro*, 284 F.3d 1188, 1198 & n.7 (11th Cir. 2002). The courts also recognize that when force is used, police officers make quick decisions about the force to use in volatile and rapidly-evolving situations so they "are loath to second-guess the decisions made by police officers in the field." *Long v. Slaton*, 508 F.3d 576, 580 (11th Cir.), *cert. denied*, 129 S. Ct. 725 (2008).

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

To state a claim of excessive force, it is incumbent upon Plaintiff to plead sufficient facts to show that the force used was unreasonable in the situation. *See Carter v. Matos*, Civil No. 09-5503 (SDW), 2010 WL 3169284, at *5 (D.N.J. Aug. 10, 2010) (dismissing an excessive force claim under § 1915(e)(2)(B) for failure to state a claim because the complaint did not show that the excessive force claim was plausible, only that it may be possible). In the present action, the facts offered by Plaintiff are minimal—with most facts being found in the original complaint, which was superseded. Nonetheless, including the facts in the original complaint, Plaintiff's facts contain a variety of factual scenarios of the actual shooting. In the complaint (Doc. 1) Plaintiff alleges that Defendant immediately began firing his weapon into the truck where Plaintiff was sitting, unloading his first clip of bullets and then a second clip of bullets, while Plaintiff was "hollering for help." (Doc. 1, p. 6.) Subsequently, in the first amended complaint, he alleges that Defendant fired two rounds into the truck hitting him inside the truck, and continued to fire as he fell to the ground hitting him again. (Doc. 22, p. 1.) Then, in the second amend complaint, he states that defendant fired three times only into the vehicle. (Doc. 26, p. 4.) In addition, Plaintiff offers contradictory reasons for his truck stopping—he decided to surrender (Doc. 1) or the truck crashed (Doc. 22). This variation in Plaintiff's facts regarding the number of shots fired, where Plaintiff was located when he was hit, and how the truck stopped undermines Plaintiff's credibility and is grounds for dismissal as frivolous. *See Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990) ("[A]llegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal as baseless.").

Despite Plaintiff's failure to present the same or similar facts for his claim, the Court will consider the factors used by courts in determining whether excessive force was used in regard to Plaintiff's claim. First, Plaintiff does not identify the crime for which he was being sought, much less its severity.[6] *Matos*, 2010 WL 3169284 at *5 (finding in its *sua sponte* dismissal that plaintiff provided no facts concerning the severity of the crime). Next, in regard to whether Plaintiff posed a threat to officers or others, he advises that when Defendant "attempted to execute a traffic stop," he led a high-speed chase in a pick-up truck until he decided to surrender or, **alternatively**, his pick-up truck crashed. This act of fleeing by means of a high-speed chase on public roads obviously places Defendant and others in danger. Then, considering the relationship between the need and amount of force used, Plaintiff did not develop this except to say that he had no weapon on him and that he had surrendered or his pick-up truck crashed.

Even though Plaintiff presents himself as being unarmed, courts have recognized that a vehicle can be used as a weapon. *Sims*, 2010 WL 1841940, at *3 ("[W]e have consistently upheld an officer's use of force and granted qualified immunity in cases where [a suspect] used or threatened to use his car as a weapon to endanger an officer or civilians immediately preceding the officer's use of deadly force.") (citation omitted). In *Sims*, the Court found that the decision to fire a weapon wounding plaintiff in the hand

---

[6] In response to the complaint form's question, Plaintiff states that he is presently incarcerated for receiving stolen property, second degree, for which he was convicted on September 16, 2008. (Doc. 26, p. 6.) No information is provided to allow the Court to deduce that this conviction is related to the incident in present action. That is, the complained of incident occurred on July 16, 2006, and Plaintiff has been incarcerated several times since filing this action.

while he was engaged in a high-speed chase was not excessive force because Plaintiff refused to pull over or to respond to officers and drove his truck toward the deputy. *Id.* at *4. In *McCullough v. Antolini*, 559 F.3d 1201 (11th Cir. 2009), no excessive force was found to exist when the officers fired fatal shots at the decedent after he had led them on a high-speed chase, had driven his truck toward an officer who was on foot, and had attempted to drive away from the parking lot. *Id.* at 1208. In *Long*, no excessive force was found when the sheriff fired three times killing the mentally unstable son, whom he had come to detain, after which the son had stolen his cruiser and backed it down the driveway to the road which if the son entered would have posed a serious harm to the innocent public with a dangerous instrumentality. 508 F.3d at 581. The court observed that "[u]nder Alabama law, a motor vehicle is, at least, potentially a 'dangerous instrument' – that is, an instrument 'highly capable of causing death or serious bodily injury.'" *Id.* (quoting ALA.CODE § 13A-1-2(5)).

Plaintiff's allegations present a dangerous situation given that Plaintiff had avoided a law enforcement stop at 3 a.m. in the morning and engaged in a high-speed chase. Plaintiff's actions caused force to be used against him, which resulted in him being wounded twice in the hip, not killed, which is unlike the plaintiffs' decedents in *Long* and *McCullough*, where the courts found the force was reasonable and not excessive.

The foregoing facts offered by Plaintiff only show that a claim for excessive force is possible. His facts do not show that the force used against him was unreasonable. More to the point, his facts show that some type of force was warranted based on his

9

actions. *See Sims*, 2010 WL 1841940, at *3-4; *McCullough*, 559 F.3d at 1208; *Long*, 508 F.3d at 581. Therefore, it was incumbent on Plaintiff to plead a claim that would show that the use of force went beyond reasonable, that is, that the force was excessive. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950. The failure to plead a claim showing that the plaintiff is entitled relief, that is to plead a plausible claim, results in the failure to state a claim of excessive force against Defendant Wright, and is reason for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

II. **Failure to Develop Factual Bases of Case as a Separate Ground for *Sua Sponte* Dismissal**

As indicated above, Plaintiff failed to appear at the status hearing set for January 27, 2011 and has failed to contact the Court since that date to explain his failure to appear. The Court's orders leading up to that hearing clearly put Plaintiff on notice that—at the hearing—the Court was to evaluate the factual bases for his claims:

- On December 1, 2010, the undersigned ordered Plaintiff to appear at a status hearing to be held January 6, 2011. (Doc. 101.)

- On December 10, 2010, Plaintiff filed a motion asking "for exact information needed for [the] hearing" (Doc. 103), thereby acknowledging not only receipt of the Court's order, but comprehension that he was to be prepared to present information to the Court regarding his lawsuit.

- By way of an order issued December 15, 2010, the undersigned answered Plaintiff's request, stating that, at the status hearing, Plaintiff was expected to present "all evidence that he possesses that will support his claims against Defendant Wright." (Doc. 104.)

- The undersigned further informed Plaintiff that he would "also be asked questions about the particulars of his case and his answers to these questions will be under oath" and that he would "be heard on all pending motions in this action." (*Id.*)

- On January 18, 2011, the Court entered an order resetting the status hearing to January 27, 2011, and again requested that Plaintiff "bring to the [hearing] evidence that he possesses that will support his claims against Defendant Wright." (Doc. 109.)

As stated above, "[b]ecause the Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal '***at any time***' if the court determines that the action 'fails to state a claim on which relief may be granted' or 'is frivolous or malicious.'" *Jones v. Epps*, Civil Action No. 2:10cv77-MTP, 2010 WL 3455414, at *1 (S.D. Miss. Aug. 27, 2010) (emphasis added); *see also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim); *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (per curiam) (affirming dismissal of non-prisoner's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)).[7] In the context of Rule 12(b)(6), "before dismissing a *pro se* complaint the

---

[7] Relatedly, this circuit recognizes that district courts possess a "'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its ***factual predicates***.'" *Lampkin-Asam v. Volusia County Sch. Bd.*, 261 Fed. App'x 274, 276-77 (11th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 50, *rehearing denied*, ___ U.S. ___, 129 S. Ct. 671 (2008) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006)) (emphasis added); *cf. Holbrook v. Castle Key Ins. Co.*, Civil Action No. 2:09cv745-MHT, 2009 WL 3580628, at *1 & n.4 (M.D. Ala. Oct. 29, 2009) ("Because [*pro se*] plaintiff's present complaint fails to comply with Rule 8 and is not framed in a manner to permit the defendants or the court to ascertain the basis for plaintiff's claims, this action cannot proceed on the basis of the original (Continued)

district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (context of a 42 U.S.C. § 1983 action) (citation omitted); *see also Barreto v. Dillon*, No. 06-0962-CV, 2007 WL 4102742, at *1 (2d Cir. Nov. 19, 2007) ("a *pro se* plaintiff should be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citing, *inter alia*, 28 U.S.C. § 1915(e)(2)(B)(ii)); *cf. Gibson v. America's Servicing Co.*, No. 5:10-CV-342-FL, 2010 WL 4974552, at *3 (E.D.N.C. Nov. 30, 2010) (*pro se* plaintiff) ("Where plaintiffs had an opportunity to further explain their pleadings in response to defendant's motion to dismiss but have failed to do so in a way that suggests that further clarification will be beneficial, the court will decline to exercise its discretion" to construe as Rule 12(b)(6) motion as a motion under Rule 12(e)).

But, as the court in *Hatfield v. Huff*, 706 F. Supp. 887 (M.D. Ga. 1989), observed, "[a] district court judge [] is not confined to the Federal Rules of Civil Procedure in IFP cases. When it enacted those rules, Congress left intact the broad mandate of 28 U.S.C. [§ 1915(e)], which allows a judge to dismiss 'frivolous or malicious' IFP claims." *Id.* at 889. Moreover, "[t]he fact that the two standards may coincide when the sufficiency of a complaint is specifically at issue [] in ***no way*** signifies that a court may dismiss a claim . .

---

complaint."); *Osahar v. U.S. Postal Serv.*, 297 Fed. App'x 863, 864 (11th Cir. 2008) (per curiam) (affirming district court's dismissal of *pro se* plaintiff's complaint for failure to comply with Rule 8(a)(2)).

. under [§ 1915(e)] *only* when it is legally insufficient under Rule 12(b)(6)." *Id.* at 890 (citing, *inter alia*, *Watson v. Ault*, 525 F. 2d 886 (5th Cir. 1976)) (emphasis added). "In fact, the precedent of this circuit compels the opposite conclusion." *Id.*; *see also id.* (noting that the former Fifth Circuit approved the principle that an IFP complaint that states a claim under Rule 12(b)(6) may nevertheless be dismissed under [§ 1915(e)] ***as soon as the court becomes convinced*** that it is frivolous, that is, that 'the plaintiff's realistic chances of ultimate success are slight'") (quoting *Jones v. Bales*, 58 F.R.D. 453, 464 (N.D. Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973)) (emphasis added); *Sgro v. U.S. Gov't*, No. 6:09-cv-1793-Orl-18DAB, 2010 WL 309533, at *4 (M.D. Fla. Jan. 25, 2010) ("The district court may dismiss a complaint under Section 1915 on grounds of frivolousness even if the complaint states a claim for relief.") (citing *Jones v. Bales*, 58 F.R.D. at 463-64); *Reyes v. Cent. N.M. Cmty. College*, No. 10-2152, 2011 WL 286361, at *1 (10th Cir. Jan. 31, 2011) (court of appeals, after conducting *de novo* review, affirmed district court's *sua sponte* dismissal of *pro se* complaint—alleging, *inter alia*, Fourth Amendment violation—pursuant to § 1915(e)(2)(b)(ii) for failure to state a claim).

> Of course, a district court must conduct a sufficient inquiry into the matter to be certain both legally and factually that the plaintiff has little or no chance of success. ***What inquiry is sufficient depends upon the circumstances of the case.*** In making that inquiry, however, the district court is not bound by the strictures of Rule 12(b)(6).

*Hatfield*, 706 F. Supp. at 890 (citations omitted and emphasis added).

It has long been recognized that district courts should use "imaginative and innovative methods . . . to narrow and require specification of the issues raised" in *pro se*

petitions. *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976). Such methods include—in the context of *pro se* petitions filed by prisoners under § 1983—questionnaires, special report, and request for factual responses.[8] *See id*; *see also Katz v. Mogus*, No. 07 Civ. 8314(PKC)(KNF), 2010 WL 1645104, at *3 (S.D.N.Y. Apr. 22, 2010) (noting that Rule 16(c)(2)(L) "permits the adoption of 'special procedures for managing potentially difficult . . . actions that may involve . . . unusual proof problems,'" such as where an action becomes "difficult because of the unusual proof problems presented by a *pro se* plaintiff and defendant").

In this case, the Court—facing an "unusual proof problem," FED. R. CIV. P. 16(c)(2)(L), caused by the fact that both Plaintiff and Defendant are proceeding *pro se*—determined that the best method "to narrow and require specification of the issues raised" in Plaintiff's complaints, *Taylor v. Gibson*, 529 F.2d at 717, was the above-mentioned status hearing. *See Ali*, 892 F.2d at 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim); *Hatfield*, 706 F. Supp. at 890 (noting that "[w]hat inquiry is sufficient depends upon the circumstances of the case"). Such a hearing seemed especially

---

[8] Further, district courts in the current Fifth Circuit, for example, utilize *Spears* hearings to "bring into focus the factual and legal bases of [a prisoner's] claims." *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989). And it can be reversible error for a district court to dismiss a prisoner's suit without first conducting such a hearing or otherwise giving the prisoner "the opportunity to develop further the facts of his claim." *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010) (per curiam); *see id.* ("The district court erred in dismissing the suit for failure to state a nonfrivolous claim without permitting Green to develop further the factual basis for it. Green's allegations, 'if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim.'") (quoting *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)).

appropriate in light of the fact that Plaintiff has twice amended his complaint (*compare* Docs. 1, 22, 26), and crucial factual allegations differ as between the three complaints. *Compare* Doc. 1, p. 6 *with* Doc. 22, p. 1 *with* Doc. 26, p. 4 (inconsistent allegations as to how many shots were fired and where Plaintiff was located when he was hit); Doc. 1 *with* Doc. 26 (contradictory reasons for why Plaintiff stopped his truck).

Plaintiff's failure to appear at the status hearing has thwarted the efforts the undersigned has taken to ensure Plaintiff be given every reasonable opportunity to develop the factual bases for his claim.[9] *Cf. Green*, 623 F.3d at 280. Plaintiff's failure to appear—however—does ***not*** mean that the undersigned has failed to "conduct a sufficient inquiry into the matter to be certain both legally and factually that the plaintiff has little or no chance of success." *Hatfield*, 706 F. Supp. at 890; *cf. Gibson*, 2010 WL 4974552, at *3. To the contrary, Plaintiff's failure to appear convinces the undersigned that Plaintiff's "realistic chances of ultimate success are slight," *Jones v. Bales*, 58 F.R.D. at 464, and as such—regardless whether the operative complaint "states a claim under

---

[9] Plaintiff's failure to appear at the status hearing also supports an alternative ground for dismissal—failure to prosecute pursuant to Rule 41(b). *See, e.g., Hilska v. Jones*, 217 F.R.D. 16, 26 (D.D.C. 2003) ("If the plaintiff fails to provide responses to these questions by the deadline noted in the accompanying order, the court may be inclined to dismiss the case against the remaining federal defendants with prejudice for failure to prosecute pursuant to Rule 41(b)."); *see Moon*, 863 F.2d at 837 (the federal rules "provide sanctions for misconduct and for failure to comply with court orders"); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (ruling the inherent powers of the courts include the power to dismiss an action for failure to comply with an order); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b) expressly "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order"). Such a dismissal "operates as an adjudication on the merits." *Proctor v. Millar Elevator Serv. Co.*, 8 F.3d 824, 826 (D.C. Cir. 1993). Even though Plaintiff is a *pro se* litigant, he is still "subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837.

Rule 12(b)(6)"—it "may nevertheless be dismissed" pursuant to § 1915(e). *Hatfield*, 706 F. Supp. at 890; *compare id.* at 888-89 (instructive as to the lengths a district court should go to allow a non-prisoner proceeding *pro se* and *in forma pauperis* to develop the factual allegations in his complaint before dismissing it for failure to state a claim) *to Langlois v. Traveler's Ins. Co.*, No. 10-10308, 2010 WL 4146153, at *1-2 (11th Cir. Oct. 22, 2010) (per curiam) (example of a district court prematurely dismissing such a complaint).[10]

---

[10] In *Hatfield*, the plaintiff attempted to file *in forma pauperis* a complaint asking the district court "to enjoin and set aside orders of the Superior Court of Muscogee County and of the Muscogee County Juvenile Court changing the custody of plaintiff's minor child, . . . and asked [the] court to order immediate return of the minor child to the plaintiff father's custody." 706 F. Supp. at 888. The court eventually wrote to the plaintiff, stating that while its examination of the complaint caused it "to seriously question [plaintiff's] allegation that the defendants have deprived [him] of a federal constitutional right[, b]efore ruling on that question[, it would] give [plaintiff] an opportunity to clarify and particularize [his] complaint. *Id.* at 888-89. The court, after reviewing the plaintiff's written response, "in a further effort to determine whether or not Mr. Hatfield's pro se amended allegations are possibly within this court's jurisdiction," invited the plaintiff to appear at a hearing to tell the court "the facts surrounding his amended complaint." *Id.* at 889. In contrast to Plaintiff in this matter, Mr. Hatfield "did appear on January 5, 1989, and he told of his troubles at great length." *Id.* The court nevertheless dismissed the complaint pursuant to current § 1915(e). *See id.* at 892.

In *Langlois*, the *pro se* plaintiff appealed the district court's decision to *sua sponte* dismiss her complaint for failure to state a claim, and the court of appeals vacated and remanded, finding "that the district court abused its discretion by dismissing Langlois' complaint with prejudice before providing her with an opportunity to amend her complaint." 2010 WL 4146153, at *1. The court of appeals found that fewer than 21 days had passed from the time the complaint was filed and when it was dismissed (thus, "Langlois still had the right to amend as a matter of course, pursuant to Rule 15(a), and the district court abused its discretion by dismissing Langlois' complaint with prejudice"), and, moreover, there was no evidence that amendment would be futile. *Id.* at *2. In fact, "Langlois attached a large amount of additional documentary evidence to her appellate brief, which, although not properly before [the appellate court], suggest[ed] that there may be additional information that she could have provided in her original complaint." *Id.*

# CONCLUSION

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to avail himself of the opportunities to state a Fourth Amendment claim and, after consideration of all circumstances, it is determined that his action is frivolous.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 24th day of February, 2011.

                                          s/ WILLIAM E. CASSADY
                                          **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[11] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).