# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| RONALD TYUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 08-0370-WS-C |
| BILLY WRIGHT, | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for relief from final judgment under Rule 60(b). (Doc. 140). The Court ordered the plaintiff to file a brief in support of his motion, (Doc. 141), which he has done, (Doc. 144), and the motion is ripe for resolution.

In February 2011, the Magistrate Judge issued a report and recommendation ("R&R") that the plaintiff's action be dismissed with prejudice for failure to state a claim and for frivolousness. (Doc. 111 at 17). In March 2011, the Court adopted the R&R and dismissed the action with prejudice. (Docs. 113-14).

Rule 60(b) provides that a Court "may relieve a party … from a final judgment" for certain specified reasons. The only reason the plaintiff offers as to why he should be relieved from final judgment is that he "was mentally and physically unable to answer and [sic] court order due to injuries sustained from defendant." (Doc. 144). That explanation eliminates Rules 60(b)(1)-(5) as possible bases of his motion and limits him to Rule 60(b)(6), which permits relief from judgment for "any other reason that justifies relief."

"Relief under this clause [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (internal quotes omitted). "The party

seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Assuming without deciding that health issues can constitute an exceptional circumstance under Rule 60(b)(6), the plaintiff has failed to meet his burden of showing that health issues prevented him from prosecuting his claim.

Between August 2008 and May 2010, the plaintiff filed at least 28 separate filings. (Docs. 22-27, 30, 35, 38-43, 46-48, 51, 57, 59-60, 63-65, 69-71, 73). Between June and August 2010, he filed seven more. (Docs. 80-82, 87-90). And between October 14 and December 29, 2010, the plaintiff filed another ten filings. (Docs. 94-100, 105-07). These filings reflect an unusual zeal in the prosecution of the plaintiff's action.

About the time the R&R was issued and the order and judgment were entered, the plaintiff filed a motion for physical and mental examination, stating that, "due to illness, [the plaintiff] was unable to understand I was to come to court, I'm asking for another court date, I do not understand all of the Joint Pretrial Documents due to my illness." (Doc. 115). This may be evidence that the plaintiff considered himself hindered by health issues, but it does not reflect that he truly was rendered incapable of prosecuting his lawsuit. On the contrary, a few weeks later, the plaintiff filed a timely notice of appeal, and shortly thereafter he completed a transcript information form. (Docs. 119, 121).

In *Olmstead v. Humana, Inc.*, 154 Fed. Appx. 800 (11th Cir. 2005), the plaintiff sought relief from judgment under Rule 60(b)(6) because he had "needed to resolve the unexpected recurrence of an opportunistic infection ('OI') and onset of a new OI." *Id*. at 806 (internal quotes omitted). The Court held that this assertion could not support relief under Rule 60(b)(6) because the plaintiff "failed to present evidence showing, or even to explain, why he could not … have moved for a stay in the proceedings" until his health issues were resolved. *Id*. (internal quotes omitted). The plaintiff "thus, failed to show that these circumstances were extraordinary." *Id*. (internal quotes omitted). The multiple filings of the plaintiff as noted above, including around the time of the R&R, order and judgment, and in connection with his appeal, all reflect that the plaintiff had the ability to

2

seek a stay of the proceedings or an extension of time; having failed to do so, he cannot obtain relief under Rule 60(b)(6).

A motion under Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). What is a "reasonable time" depends on the circumstances, including "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." *BUC International Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (internal quotes omitted). The record reflects that the plaintiff was perfectly capable of filing the instant motion in 2012, over two years before he did so. In June 2011, the Eleventh Circuit dismissed the plaintiff's appeal for failure to file an appellate brief. (Doc. 122). Between April 26 and September 6, 2012, the plaintiff made nine different filings in this action, all in an effort to obtain appellate review. (Doc. 124-25, 127-31, 133, 135). The plaintiff's ability to so vigorously seek such review in 2012 demonstrates that he could have filed the instant motion in 2012 as well. Because the Court had informed the plaintiff that an appeal was no longer possible, (Docs. 126, 130, 132), the plaintiff had every incentive to file a Rule 60(b)(6) motion in 2012 but elected not to do so.

The defendant, who is an individual former law enforcement officer being sued over an incident that allegedly occurred in 2006, (Doc. 22), presumably would be prejudiced by allowing the plaintiff to reinstate his case over 3½ years after it was dismissed. But even if he were not, the plaintiff's gross, unexcused delay in filing the instant motion would support the conclusion that it was not filed within a reasonable time. *See Diggs v. Mitchem*, 2014 WL 4202476 at *3 (S.D. Ala. 2014) (citing cases).

In summary, the plaintiff's Rule 60(b)(6) motion is untimely and also fails on its merits. For the reasons set forth above, his motion for relief from final judgment is **denied**.

DONE and ORDERED this 5th day of November, 2014.

                                                      s/WILLIAM H. STEELE
                                                      CHIEF UNITED STATES DISTRICT JUDGE